IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; THE DISTRICT OF COLUMBIA; STATE OF FLORIDA; STATE OF GEORGIA; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF INDIANA; STATE OF IOWA; STATE OF LOUISIANA; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF MONTANA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OKLAHOMA; COMMONWEALTH OF PUERTO RICO; STATE OF RHODE ISLAND; STATE OF TENNESSEE; STATE OF TEXAS; STATE OF VERMONT; COMMONWEALTH OF VIRGINIA; AND STATE OF WASHINGTON. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| EX REL. PATREK CHASE, | § § | Case No. 5:23-CV-0381-JKP |
| *Plaintiffs*, | § § | |
| v. | § § | |
| UT SOUTHWESTERN MEDICAL CENTER; PARKLAND HEALTH AND HOSPITAL SYSTEM; TRINITY HEALTH'S LOYOLA UNIVERSITY MEDICAL CENTER; SOUTHWEST TRANSPLANT ALLIANCE; LIVEONNY; NEW JERSEY SHARING NETWORK; AND UNITED NETWORK FOR ORGAN SHARING. | § § § § § § § § § § § | |
| *Defendants*. | § | |

**TEXAS'S STATEMENT OF INTEREST IN RESPONSE TO DEFENDANTS'
MOTIONS TO DISMISS RELATOR'S SECOND AMENDED COMPLAINT**

The State of Texas files this Statement of Interest to correct misstatements concerning Texas law. Defendants Southwest Transplant Alliance (SWTA),[1] Loyola University Medical Center (Loyola),[2] United Network for Organ Sharing (UNOS),[3] LiveOnNY,[4] and New Jersey Sharing Network (NJSN)[5] recently filed motions to dismiss in this matter. Even though it declined to intervene,[6] Texas retains an interest in this matter because it is entitled to a portion of the proceeds from any successful Texas Health Care Program Fraud Prevention Act (THFPA) action. TEX. HUM. RES. CODE § 36.001 *et seq.* Additionally, Texas has an ongoing interest in ensuring the THFPA is interpreted consistently and correctly.[7]

Here, the motions misstate Texas law in the following ways. **First**, Defendants state that Relator's THFPA and False Claims Act (FCA) claims fail "for the same reasons".[8] But that's incorrect. Federal courts must independently evaluate liability under the THFPA according to its plain language and Texas law without relying on separate FCA analyses. **Second**, Defendants state

---

[1]  Def. SWTA's Mot. to Dismiss, ECF No. 65.
[2]  Def. Loyola's Mot. to Dismiss, ECF No. 70.
[3]  Def. UNOS's Mot. to Dismiss, ECF No. 72.
[4]  Def. LiveOnNY's Mot. to Dismiss, ECF No. 78.
[5]  Def. NJSN's Mot. to Dismiss, ECF No. 81.
[6]  *See* ECF No. 27.
[7]  Texas's declination in this matter is not a comment on the merits of the case. *See* TEX. HUM. RES. CODE § 36.104 (State's declination is merely notice of the State's decision not to intervene). The THFPA contemplates cases continuing in the event of Texas's non-intervention by conferring rights on relators and permitting relators to pursue THFPA allegations after Texas declines to intervene. *Id.* §§ 36.104, 36.110(a-1).
[8]  *See* SWTA's Mot. 9, 24, ECF No. 65; Loyola's Mot. ¶¶ 32–33, ECF No. 70; UNOS's Mot. 25, ECF No. 72; LiveOnNY's Mot. 14–15, ECF No. 78.

that Relator's claims fail because Relator never alleged that Defendants submitted a false claim.[9] But under the THFPA, most unlawful acts do not require false claim submissions. **Third**, Defendant SWTA states that Relator's Anti-Kickback Statute (AKS) claims fail because Relator did not allege that SWTA acted willfully.[10] But willfulness is not an element of any THFPA or Texas AKS claim. **Fourth**, Defendants repeatedly state that Relator's claims fail due to a lack of materiality.[11] But the THFPA and FCA define material differently, and only certain THFPA unlawful acts require a misrepresentation of a material fact to establish liability.

I.      **The THFPA claims should be evaluated independently from the FCA claims.**

The THFPA does not mirror the FCA. Defendants argue that this Court should dismiss the THFPA claims "for the same reasons" as the FCA claims.[12] Although the statutes are similar, the THFPA substantially differs from the FCA in the parts relevant to this case. This Court must reject the "for the same reasons" argument because it ignores: (1) the THFPA's plain language; (2) binding Texas Supreme Court precedent; and (3) other Texas federal court cases.

First, the THFPA's plain language controls Texas law claims and differs substantially from the FCA. When analyzing state law claims, federal courts must apply the same law that the state's highest court would apply. *N.P.U., Inc. v. Wilson Audio Specialties, Inc.*, 343 F. Supp. 3d 661, 664

---

[9]     *See* SWTA's Mot. 10–11, 24, ECF No. 65; Loyola's Mot. ¶¶ 9, 20, ECF No. 70; UNOS's Mot. 6, 18, 25, ECF No. 72; LiveOnNY's Mot. 5, 8, 14, ECF No. 78; NJSN's Mot. ¶ 4.6, ECF No. 81.

[10]    *See* SWTA's Mot. 9, 24 ECF No. 65 ("Anti-Kickback Statute Allegations: Relator's theories pertaining to tissue recovery . . . fail to allege willfulness.").

[11]    *See* SWTA's Mot. 9, 14–15, ECF No. 65; Loyola's Mot. ¶ 4, ECF No. 70; UNOS's Mot. 18, ECF No. 72; LiveOnNY's Mot. 5, 8–9, 11, 13–14, ECF No. 78; NJSN's Mot. ¶¶ 4.1, 4.5–4.6, 4.10, ECF No. 81.

[12]    SWTA's Mot. 9, ECF No. 65; *see also, e.g.*, Loyola's Mot. ¶¶ 32–33, ECF No. 70; UNOS's Mot. 25, ECF No. 72. Defendant NJSN's motion only makes FCA arguments and thus impliedly seeks dismissal of state law claims based on FCA arguments. *See* ECF No. 81.

3

(W.D. Tex. 2018) ("[*Erie*] applies to state law claims over which a federal court exercises supplemental jurisdiction."). In Texas, statutory "language is the 'surest guide to the Legislature's intent' because 'it is a fair assumption that the Legislature tries to say what it means.'" *In re Xerox Corp.*, 555 S.W.3d 518, 527 (Tex. 2018) (citing *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012)). Furthermore, the Texas Legislature selects "statutory words, phrases, and expressions deliberately and purposefully and was just as careful in selecting the words, phrases, and expressions that were included or omitted." *Id.*; *City of Rockwall v. Hughes*, 246 S.W.3d 621, 629 (Tex. 2008) (applying plain language). The THFPA's plain language controls Texas claims.

Second, the Texas Supreme Court has expressly rejected the contention that the FCA and the THFPA should be read as identical. *Xerox*, 555 S.W.3d at 535.[13] In *Xerox*, that court concluded that "[t]hese statutes, while similar in aim and tactic, employ materially different language, and the language of our statutes controls the outcome here." *Id.* (comparing the THFPA with the FCA and other federal statutes). Therefore, the THFPA should be analyzed according to its plain language—especially where the THFPA's language differs from that of the FCA.

Third, numerous Texas federal courts have declined to interpret the THFPA as identical to the FCA. For example, the federal district court in *United States ex rel. Govindarajan v. Dental Health Programs, Inc.* recognized that the scope of the THFPA reaches "a broader range of false or fraudulent conduct less closely tied to the Medicaid claim submission process." No. 3:18-cv-00463-E, 2020 WL 3064712, at *7 (N.D. Tex. June 8, 2020) (citing *United States ex rel. Patel v. Catholic Health Initiatives*, 312 F. Supp. 3d 584, 606–07 (S.D. Tex. 2018)); *see United States ex rel.*

---

[13] The THFPA was formerly known as the Texas Medicaid Fraud Prevention Act (TMFPA). *See* S.B. 745, 88th Leg. (Tex. 2023) (amending the TMFPA to add other health care programs, including the child health plan program (CHIP) and the Healthy Texas Women program).

4

*Jacobs v. Walgreen Co.*, No. CV H-19-5021, 2021 WL 4054308, at *4 (S.D. Tex. July 28, 2021) (citing *Patel*, 312 F. Supp. 3d at 607) (holding THFPA and FCA require separate interpretations). Citing *Xerox*, the *Govindarajan* court noted that despite some similarities with the FCA, the THFPA's "plain language controls with respect to claims brought under [it]." *Id.* That court thus analyzed the alleged THFPA claims separately from the FCA claims. *Id.* at *7–14.

Here, this Court should likewise analyze Relator's THFPA claims separately from their FCA claims based on the statutory plain language differences. Unlike the FCA, the THFPA does not require the presentment of a "false claim" to incur liability for most unlawful acts. *Compare* 31 U.S.C. § 3729 *et seq.* (requiring presentment of a false claim), *with* TEX. HUM. RES. CODE § 36.002(1)–(5), (9)–(13) (lacking any claim presentment requirement). Instead, the THFPA sets out thirteen discrete "unlawful acts" that proscribe specific unlawful conduct involving Texas health care programs, which further differ from the FCA. TEX. HUM. RES. CODE § 36.002(1)–(13).

Other differences include that the THFPA and FCA define "material" differently, and most THFPA unlawful acts do not require a finding of a misrepresentation of a material fact to establish liability. *Compare id.* § 36.001(5-a) ("[H]aving a natural tendency to influence or to be capable of influencing."), *with* 31 U.S.C. § 3729(b)(4) ("[H]aving a natural tendency to influence, or be capable of influencing, *the payment or receipt of money or property*." (italics added)). *See also* TEX. HUM. RES. CODE § 36.002(2)–(3), (5)–(11) & (13) (omitting "material" and therefore not requiring materiality). And the THFPA does not require "willful" acts for liability to attach. *Id.* § 36.002(13) (incorporating Texas's AKS); *id.* § 36.0011 (defining "knowingly"—the THFPA's sole scienter requirement). Because of such differences in plain language, Defendants' "for the same reasons"

arguments should be rejected. *Xerox*, 555 S.W.3d at 535; *Govindarajan*, 2020 WL 3064712, at *7. The FCA and THFPA claims are not analogous and must be analyzed independently.

**II.     The majority of THFPA unlawful acts do not require the submission of "false claims."**

The plain language of most THFPA unlawful acts does not require the submission or presentment of a "false claim" to establish liability. *See* TEX. HUM. RES. CODE §§ 36.002(1)–(5), (9)–(13). In addressing the FCA claims, Defendants repeatedly state that Relator fails to plead the submission of "false claims."[14] They then erroneously add a "false claim submission" element to the THFPA by summarily arguing that the state law claims, including the Texas claim, fail for the same reasons as the FCA claims.[15] But that argument ignores the THFPA's plain language.

Because liability for the commission of THFPA unlawful acts is determined based on conduct defined by the statute, the statutory language governs what must be proven. *Xerox*, 555 S.W.3d at 535. The Texas legislature chose to require the presentment or making of a claim for certain unlawful acts and not to require the presentment or making of a claim for other unlawful acts. *Compare* TEX. HUM. RES. CODE § 36.002(6)–(8) (requiring presentment or making of a claim in the statutory text), *with* TEX. HUM. RES. CODE § 36.002(1)–(5), (9)–(13) (lacking reference to a claim), *and TGSNOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen.").

For example, certain unlawful acts only require a defendant to knowingly make a false statement or misrepresentation that would *merely permit* a person to receive an unauthorized benefit or payment. *E.g.*, TEX. HUM. RES. CODE § 36.002(1) ("[K]nowingly makes or causes to be made a

---

[14]   *E.g.*, LiveOnNY's Mot. 5, 8, 11–15, ECF No. 78; *see also generally* ECF Nos. 65, 70, 72.
[15]   *E.g.*, LiveOnNY's Mot. 14–15, ECF No. 78; *see also generally* ECF Nos. 65, 70, 72.

false statement or misrepresentation of a material fact *to permit* a person to receive a benefit or payment . . . ." (italics added)). If liability can attach when a false statement or misrepresentation permits a person to receive a health care program benefit, then actual submission or presentment is necessarily not required. Thus, Defendants' submission or presentment argument is incorrect under the THFPA.

### III. "Willful" acts are not required for establishing liability under the THFPA.

"Knowingly" is the sole scienter requirement under the THFPA. TEX. HUM. RES. CODE § 36.0011. Defendant SWTA states that to plead an AKS violation, Relator must allege that SWTA acted "willfully".[16] Although SWTA is addressing Relator's federal AKS claim,[17] this argument likely affects the Texas AKS too because SWTA argues that the state and federal claims fail for the same reasons. The THFPA and Texas AKS do not use the same scienter requirement as the FCA. *See* TEX. HUM. RES. CODE § 36.002(13) (incorporating the Texas AKS by reference). So out of an abundance of caution, Texas will address the proper elements of scienter under the THFPA.

Neither the THFPA nor the Texas AKS impose a "willful" standard for scienter. TEX. HUM. RES. CODE §§ 36.0011, 32.039(b). Instead, the sole requisite scienter of a THFPA cause of action is that a person acted knowingly to commit an unlawful act. *Id.* § 36.0011 (defining "knowingly"). Defendants—who do not address this key distinction between the federal AKS and the Texas AKS claims—are prohibited from adding any additional scienter requirement to the language of the THFPA or the Texas AKS, and this Court should reject any suggestion to the contrary. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015).

---

[16] SWTA's Mot. 24, ECF No. 65 ("The AKS 'willfulness' scienter element is a strict standard that requires an act to be undertaken with a 'bad purpose.'"). Section III also applies to the other Defendants to the extent they seek dismissal based on this Texas AKS misinterpretation.
[17] SWTA's Mot. 24, ECF No. 65.

**IV.    Proof that an unlawful act was material to payment is not required to prove a THFPA violation, and several THFPA unlawful acts do not require pleading a misrepresentation of a material fact.**

The THFPA's definition of material applies to a wider range of situations than the FCA's definition of material. Defendants generally argue that "Relator's SAC should also be dismissed because it fails to plausibly plead that the alleged noncompliance was *material to the government's payment decision.*"[18] But that's incorrect for two reasons. First, several unlawful acts under the THFPA do not require pleading a misrepresentation of a material fact. *See generally id.* § 36.002(2)–(3), (5)–(11) & (13). Second, the THFPA's plain language does not require proof that THFPA violations are material to Texas's payment decisions. *Id.* § 36.001(5-a).

First, unlike the FCA, several THFPA sections do not require pleading a misrepresentation of a material fact. *Id.* § 36.002(2)–(3), (5)–(11) & (13). For example, the unlawful act defined by THFPA § 36.002(2) makes no reference to the terms "material," "materiality," or any other term that might require pleading a misrepresentation of a material fact as a claim element. *Id.* § 36.002(2) ("[K]nowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized."). Because the Texas legislature did not use the word "material" in § 36.002(2), the statutory definition of material does not apply to this unlawful act, or the other unlawful acts that contain no reference to materiality. *Combs*, 340 S.W.3d at 439 ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen."), *and State v. Lab'y Corp. of Am. Holdings*, 714 S.W.3d 677, 682 (Tex. App. 2024), *appeal docketed*, No. 25-0127 (Tex. 2025) (holding TEX. HUM.

---

[18]    SWTA's Mot. 14, ECF No. 65 (italics added); *see also* Loyola's Mot. ¶¶ 26–29, ECF No. 70; UNOS's Mot. 6, 22–23, ECF No. 72; LiveOnNY's Mot. 13–14, ECF No. 78.

RES. CODE § 36.002(2) does not require materiality because it does not use "material" while § 36.002(1) requires materiality because it uses the word "material"). Therefore, not all THFPA unlawful acts require pleading a misrepresentation of a material fact.

Second, further unlike the FCA, the THFPA's plain language does not require proof that THFPA violations are material to *Texas's payment decisions*. The FCA expressly limits the definition of material to "having a natural tendency to influence, or be capable of influencing, *the payment or receipt of money or property*." 31 U.S.C. § 3729(b)(4) (italics added). By contrast, the THFPA leaves out the payment limitation and more broadly defines "material" as "having a natural tendency to influence or to be capable of influencing." TEX. HUM. RES. CODE § 36.001(5-a). Thus, the THFPA applies to situations beyond just "the payment or receipt of money or property." *See Chatha*, 381 S.W.3d at 507 (holding textual distinctions between parallel state and federal statutes cannot be ignored); *State v. Lowry*, 802 S.W.2d 669, 672 (Tex. 1991) (orig. proceeding) (recognizing textual variances between state statute and similar federal statute cannot be ignored).

A comparison between the use of "material" within both acts further illustrates the differences between the THFPA and the FCA. The FCA refers to "a . . . statement *material* to a false or fraudulent *claim*," and thus is expressly limited to actual claims and government payment decisions. 31 U.S.C. § 3729(a)(1)(B) (italics added); *see id.* § 3729(b)(4). But the THFPA refers to "a false statement or misrepresentation of a *material* fact *to permit* a person to receive a *benefit or payment*." TEX. HUM. RES. CODE § 36.002(1) (italics added); *id.* § 36.002(4) ("[K]nowingly makes, causes to be made, induces, or seeks to induce the making of a false statement or misrepresentation of material fact concerning . . . ."). By its plain and ordinary language, the THFPA's definition of materiality applies to a wider range of situations than the FCA's definition of materiality.

9

## V.     Conclusion

For these reasons, this Court should review Relator's THFPA claims by solely considering the requirements of the plain language of the THFPA—independent of the federal FCA.

Dated: September 17, 2025                              Respectfully submitted.

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**AMY SNOW HILTON**
Chief, Healthcare Program Enforcement Division

/s/ *Anthony Dolcefino*
**ANTHONY DOLCEFINO**
Texas Bar No. 24134406
Assistant Attorney General
Healthcare Program Enforcement Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 218-3672
(512) 499-0712 Fax
Anthony.Dolcefino@oag.texas.gov

**ATTORNEYS FOR THE STATE OF TEXAS**

**CERTIFICATE OF SERVICE**

I certify that on September 17, 2025, a true copy of the foregoing was served via the Court's ECF system to all counsel of record.

                                              /s/ *Anthony Dolcefino*
                                              **ANTHONY DOLCEFINO**